IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ERIC PATRICK FLOYD,**

       **Petitioner,**

**v.**                                        **Civil Action No. 3:11CV98**
                                               **Criminal Action No. 3:08CR79-1**
                                               **(Judge Bailey)**

**UNITED STATES OF AMERICA,**

        **Respondent.**

**REPORT AND RECOMMENDATION
THAT § 2255 MOTION BE DENIED**

**I. INTRODUCTION**

On October 11, 2011, Eric Patrick Floyd ("Petitioner") initiated this habeas corpus action pursuant to 28 U.S.C. § 2255. On November 8, 2011, Petitioner was sent a Notice of Deficient Pleading advising him that he needed to file his petition on the court-approved form. On December 5, 2011, Petitioner filed the court-approved form and attached a memorandum in support of his claims. On November 14, 2011, Petitioner filed a Motion for Transcripts, and on December 5, 2011, this Court issued an Order Granting Petitioner's Motion for Transcripts. In the Order, the Court gave Petitioner until December 27, 2011 to file any supplemental documents he might wish to file after reviewing the requested transcripts. Accordingly, on December 27, 2011, Petitioner filed an Amendment to Claim Two. On February 1, 2012, the Government filed a Response to Petitioner's Motion. Petitioner did not file a reply.

## II. FACTS

A.  **Conviction and Sentence**

Following a Potomac Highlands Drug and Violent Crimes Task Force investigation, Petitioner was indicted on November 19, 2008, on one count of conspiracy, nine counts of distribution of cocaine hydrochloride, two counts of possession with intent to distribute cocaine hydrochloride, and one count of possession with intent to distribute marijuana. The Government submitted three proposed plea agreements to Petitioner and his counsel, but Petitioner rejected each of the proposed agreements because he did not agree that he was responsible for the relevant conduct relating to the cocaine base. Following Petitioner's rejection of the third plea agreement, his counsel Mr. Payne filed a Motion to Withdraw as Counsel which was granted. On April 7, 2009, Mr. Kravotil was appointed to represent Petitioner. Then, on the day of his trial, Petitioner advised the District Court that he wished to change his plea from not guilty to guilty. The District Court then conducted a Rule 11 plea hearing and Petitioner entered a guilty plea to each of the thirteen counts in the indictment.

Petitioner retained new counsel for the sentencing phase, and on September 24, 2009, Petitioner's newly retained counsel, Sherman L. Lambert, filed an initial appearance and proposed order of substitution of counsel. The next day, Petitioner filed a notice of his intention to withdraw his guilty plea, and on September 27, 2009, he filed his Motion to Withdraw Plea along with a supporting affidavit. In the affidavit, Petitioner stated his counsel did not inform him that he was pleading guilty to all thirteen counts in the indictment. On September 28, 2009, the District Court permitted a substitution of counsel for the limited purpose of presenting the Motion to Withdraw Plea. The District Court, however, found that Petitioner had the effective assistance of counsel when the guilty plea was entered, that it was knowing and voluntary, and

that allowing a withdrawal of the guilty plea would prejudice the Government and waste court resources. Thus, Petitioner's Motion to Withdraw Guilty Plea was denied.

Then, on December 10, 2009, the District Court conducted a sentencing hearing, during which it overruled Petitioner's objections to the relevant conduct calculations contained in the Presentence Report. Petitioner was sentenced to 264 as to Counts One and Twelve, 240 months as to Counts Two through Eleven, and 60 months as to Count Thirteen, to run concurrently with each other. The District Court also forfeited Petitioner's interest in the property listed in the indictment and awarded a money judgment in favor of the United States in the amount of $1,401,705.89.

**B.     Appeal**

Petitioner filed a Notice of Appeal on December 11, 2009. He argued that the District Court should have granted his motion to withdraw his guilty pleas to all the counts in the indictment because his counsel was ineffective. The Fourth Circuit Court of Appeals, however, affirmed his conviction and sentence on July 8, 2010.

**C.     Federal Habeas Corpus**

Petitioner claims he received ineffective assistance of counsel because:

(1) His first attorney failed to explain what effect pleading to 116 grams of cocaine base would have on his guideline relevant conduct.

(2) His second attorney failed to tell him his Motion to Withdraw Plea could result in a loss of acceptance of responsibility or that if he testified at the hearing and the District Court believed his testimony was false, he could get a sentence enhancement for obstruction of justice, and

(3) His third attorney failed to object when the District Court did not group Counts Two through Thirteen with Count One and did not object to the obstruction of justice enhancement.

The Government contends these arguments lack merit because his counsel did properly explain the effect the proposed pleas would have; his counsel did act reasonably in explaining the possibility of loss of acceptance of responsibility credit, and that during the sentencing phase his attorney acted reasonably in not objecting to the way the counts were grouped or to alleged double-counting of drug weights, and that he did act reasonably in objecting to the obstruction of justice sentence enhancement.

**D.      Recommendation**

Based upon a review of the record, the undersigned recommends that Petitioner's § 2255 Motion be denied and dismissed from the docket because Petitioner's claims are without merit.

### III. ANALYSIS

**A.      Petitioner's Burden of Proof**

"A petitioner collaterally attacking his sentence or conviction bears the burden of proving his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States, No. 2:02CR65, 2006 WL 36859, at *2 (E.D.Va. Jan. 4, 2006).

**B.      Procedural Default**

The Court finds petitioner is not procedurally barred from raising claims of ineffective assistance of counsel in his present § 2255 motion. It is well settled that issues previously rejected on direct appeal may not be raised in a collateral attack. Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir. 1976). Constitutional errors that were capable of being raised on direct

4

appeal but were not may be raised in a § 2255 motion so long as the petitioner demonstrates 1) "cause" that excuses his procedural default, and 2) "actual prejudice" resulting from the alleged error. United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994). Claims of ineffective assistance of counsel not raised on direct appeal and raised on collateral attack do not require a "cause and prejudice" showing because these claims are more appropriately raised on collateral attack than on direct appeal. See United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096 (2000); White v. United States, No. 5:03CV02084, 2006 U.S. Dist. LEXIS 45122, at *7-8 (S.D. W.Va. June 20, 2006).

**C.     Ineffective Assistance of Counsel**

Claims of ineffective assistance of counsel are measured under a two-part analysis outlined in Strickland v. Washington, 466 U.S. 668, 687 (1984). First, the petitioner must show that his counsel's performance fell below an objective standard of reasonableness. Id. at 688. In reviewing claims of ineffective assistance of counsel, "judicial scrutiny of counsel's performance must be highly deferential," and the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 689-90. Second, the petitioner must demonstrate he was prejudiced by counsel's performance. In order to demonstrate prejudice, "the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. If the defendant shows no prejudice from the alleged ineffectiveness of counsel, courts need not address counsel's performance. Fields v. Attorney Gen. of Maryland, 956 F.2d 1290, 1297 (4th Cir.), cert. denied, 506 U.S. 885 (1992).

**Claim 1: Failure to Explain What Effect Pleading to 116 Grams of Cocaine Base Would Have on Guideline Relevant Conduct Calculation**

Petitioner first contends that he received ineffective assistance of counsel because his first attorney, Mr. Payne, failed to explain to him what effect pleading to 116 grams of cocaine base would have on his relevant conduct calculation under the sentencing guidelines. More specifically, he argues that his attorney told him that the 116 grams would enhance his guideline relevant conduct and increase his sentence, and if he had known that this was not true because he would still have been facing a higher total offense level for the quantity of cocaine hydrochloride relevant conduct, he would have accepted the plea agreement and agreed to the 116 grams. The Court finds that Petitioner's assertion is without merit. In the three proposed plea agreements submitted to Petitioner's attorney, there was never any mention of 116 grams of cocaine base. The first proposed plea agreement, submitted January 26, 2009, stated that the total drug relevant conduct would be 198.45 grams of cocaine base. The second proposed plea agreement, submitted on February 3, 2009, stated that the total drug relevant conduct was 198.45 grams of cocaine base as well. Finally, the third plea agreement, submitted on March 30, 2009, also stated that the total drug relevant conduct was 198.45 grams of cocaine base. There is no evidence in the record, apart from Petitioner's naked assertion that "it was like 116, I think, like 116 grams of crack cocaine," Mot. to Withdraw Hr'g Tr. 31, that this was the amount stated, and to the contrary, the three proposed plea agreements indicate this was not the amount his attorney communicated. The 198.45 grams of cocaine base converted to marijuana equivalency grams would put Petitioner at a base offense level of 34. However, the cocaine hydrochloride alone would have only put Petitioner at a base offense level 32. Therefore, his attorney's advice that pleading to the cocaine base amount would negatively affect Petitioner's possible sentence was sound advice. Petitioner thus cannot meet the requirement under Strickland of showing that his

attorney's conduct fell below an objective standard of reasonableness. Accordingly, this Court finds that Petitioner's claim of ineffective assistance of counsel leading up to the sentencing phase should be dismissed.

**Claim 2: Failure to Explain Possibility of Loss of Acceptance of Responsibility Credit or Possibility of Obstruction of Justice Enhancement for Withdrawal of Guilty Pleas**

Next, Petitioner argues his attorney did not advise him of the consequences that could result from trying to withdraw his guilty pleas. Specifically, he claims that his attorney did not tell him that by moving to withdraw his pleas, he could lose the possibility of a reduction for acceptance of responsibility or that he could receive a sentence enhancement for obstruction of justice. However, in Petitioner's Motion to Withdraw Guilty Plea, he argues he needs to withdraw his plea because he is in fact innocent. To support his argument that he is innocent, he states that he knows he will lose acceptance of responsibility and be in a worse position, but that this is a risk he is willing to take in order to assert his innocence. Mot. to Withdraw Plea 3. In addition, Mr. Lambert's statement on behalf of the defendant at the end of the sentencing hearing indicates that he knew attempting to withdraw his plea could result in a denial of acceptance of responsibility credit. His attorney stated: "Mr. Floyd did in fact move to withdraw his guilty plea. He didn't do it because he was not trying to accept responsibility." Sent. Hr'g Tr. 92. Thus, based on the record, the Court finds his attorney did not act unreasonably. Next, with regard to Petitioner's argument that he was not informed that attempting to withdraw his guilty plea could result in an obstruction of justice enhancement, even assuming *arguendo* his attorney did not warn him of this, he is not able to show he was prejudiced as a result because this is not the reason why the enhancement was applied. The Presentence Report indicates that the enhancement was applied because of Petitioner's testimony at the Motion to Suppress hearing. PSR 11. The District Judge also noted that the obstruction of justice enhancement was being

applied based on Petitioner's conduct at the Motion to Suppress hearing, not because of his attempt to withdraw his guilty plea. The District Judge stated that "[t]he Magistrate Judge found the defendant's testimony at the suppression hearing to be patently incredible. And for that reason, the obstruction of justice enhancement will be applied." Sent. Hr'g Tr. 87. Accordingly, this Court finds Petitioner's claims lack merit and they should be dismissed.

**Claim 3: Failure to Object to the District Court's Decision not to group Counts Two through Thirteen with Count One and Failure to Object to the Obstruction of Justice Enhancement**

Petitioner next argues that his attorney was ineffective for failing to argue that the District Court should group Counts Two through Thirteen with Count One. As a general rule, in the case of a multiple-count indictment, the sentencing guidelines require the district court to group all closely-related counts for sentencing purposes. Specifically, under U.S. Sentencing Guideline 3D1.2(d) "[w]hen the offense level is determined largely on the basis of the total amount of harm or loss, the quantity of a substance involved, or some other measure of aggregate harm, or if the offense behavior is ongoing or continuous in nature and the offense guideline is written to cover such behavior" then the counts will be grouped together into a single group. In this case, the Court finds that the Probation Office correctly grouped the counts pursuant to U.S. Sentencing Guideline 3D1.2(d). As the Probation Office noted in its Presentence Report, for offense level computation, "all counts of conviction will be grouped under Count One." PSR 13. Then, pursuant to the guidelines, the probation office used the highest adjusted offense level as the total offense level. Here, the base offense level for Count One was the highest in this case at 34, and four points were added for Petitioner's role in the offense and for obstruction of justice, for a total offense level of 38. Although the Probation Office also went on to note the statutory maximum ranges for the various counts and appeared to group them together based on similar

8

maximum ranges, his offenses of conviction were still properly grouped together under Count One. Therefore, Petitioner's claim is without merit.

Petitioner also alleges that the way his counts were grouped resulted in double counting of the drug weights attributed to him, and that his attorney's conduct was deficient because he failed to object to this double counting. However, the issue Petitioner claims his attorney should have raised is without merit. As already discussed above, Petitioner's charges were not improperly grouped. In addition, Petitioner pled guilty to thirteen distinct offenses and a careful review of the Presentence Report that no double counting occurred related to those counts. See United States v. Letterlough, 63 F.3d 332, 337 (4th Cir. 1995). The Presentence Report shows that the drug weights from Counts Two through Thirteen were 744.8 grams of cocaine hydrochloride and .181 kilograms of marijuana. As to Count One, the Probation Office determined Petitioner's historical relevant drug conduct to total 1,000 grams of cocaine hydrochloride based on the testimony of Witness A, and 22,680 grams of cocaine hydrochloride based on the testimony of Yarletta Santiago, for a total of 23,680 grams. 23,680 grams plus the 744.8 grams from Counts Two through Thirteen renders a total of 24,424.8 grams of cocaine hydrochloride, and the marijuana equivalent of this is 4,884 kilograms of marijuana. Together with the .181 kilograms of marijuana, the total is 4,885.14 kilograms of marijuana. The Court thus finds that the Probation Office properly calculated Petitioner's relevant conduct and did not double count the amounts because of the way the counts were grouped together.

Finally, Petitioner argues that his counsel was ineffective for failing to object to the District Court's two-level enhancement for obstruction of justice. However, the record indicates that his attorney did, in fact, object to the District Court's obstruction enhancement. On August 17, 2009, his attorney Mr. Kratovil filed three objections, Objections Eight through Ten, to the

9

Probation Officer's finding that the obstruction enhancement was appropriate in Petitioner's case. Then, at the sentencing hearing, the Government proffered the testimony of Yarletta Santiago; Kevin Hilliard, a confidential informant; Ray West, FBI Special Agent; and Virginia State Police Sergeant Robert Cooper to support its version of the offense and the findings of the Probation Officer as to the relevant drug conduct, acceptance of responsibility and obstruction of justice, among other things. After the testimony, the District Court ruled on the objections, including objections eight through ten. Then, when asked later whether counsel had any objections to the District Court's tentative Guideline findings, Mr. Lambert, Defendant's new counsel, stated "[t]he defendant objects to the Court not recognizing his acceptance of responsibility." Sent. Hr'g Tr. 90. However, the Judge noted that counsel had already made that objection and that he already considered it. Sent. Hr'g Tr. 91. Then, even though his objections had been overruled, Mr. Lambert still went on to reiterate that he thought his client had accepted responsibility during his statement on behalf of the defendant at the sentencing hearing. He stated: "I think that any man who pleads straight up to an indictment, that's acceptance of responsibility. I think Mr. Floyd has accepted responsibility." Sent. Hr'g Tr. 91. Accordingly, the Court finds that Petitioner's attorney did reasonably object to the obstruction of justice enhancement, thus this argument is without merit and must be denied.

## IV. RECOMMENDATION

For the reasons stated above, the undersigned recommends that Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence be **<u>DENIED</u>**.

On or before **March 7, 2012,** any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Chief Judge

10

John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985): <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner and counsel of record, as applicable.

DATED: February 22, 2012 /s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE