**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Martinsburg**

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.                                              **Criminal No. 3:08-CR-79-1
Civil Action No. 3:11-CV-98**

**ERIC PATRICK FLOYD**,                      Judge Bailey

    Defendant.

## ORDER DENYING MOTION TO RECONSIDER

Pending before this Court is defendant's *pro se* Motion under New Supreme Court Case where attorney gave wrong advice to defendant that misled him to do the opposite of what he should have done (Doc. 241), which this Court is construing as a motion to reconsider this Court's Order entered April 20, 2012.[1]

A notation on the defendant's Motion states "This § 2255(f)(3) Motion is in reference to the New Supreme Court Ruling and decision from Missouri v. Frye and Lafler v. Cooper, Ruled on March 21, 2012."[2] In the text of the defendant's Motion and memorandum, the defendant makes no reference to the decisions. This Court's Order entered April 20, 2012, however, clearly postdated these two decisions.

Under ***Lafler***, "a defendant must show that but for the ineffective advice of counsel

---

[1] If this Court were to consider the Motion as a new motion under 28 U.S.C. § 2255, such motion could be barred as a successive motion under 28 U.S.C. § 2255(h).

[2] ***Missouri v. Frye***, ___ U.S. ___, 132 S.Ct. 1399 (2012) and ***Lafler v. Cooper***, 566 U.S. ___, 132 S.Ct. 1376 (2012).

1

there is a reasonable probability that the plea offer would have been presented to the court (*i.e.,* that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." 132 S.Ct. at 1385.

"To make out a claim for ineffective assistance of counsel, an appellant must satisfy the two-pronged test laid out in **Strickland v. Washington**: he must show that counsel's conduct 'fell below an objective standard of reasonableness' and that he was prejudiced as a result. 466 U.S. 668, 688, 694 (1984). In the plea context, the prejudice prong requires the petitioner to show that there exists 'a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial.' **Lafler v. Cooper,** 566 U.S. ___, 132 S.Ct. 1376, 1384-85 (2012) (quoting **Hill v. Lockhart,** 474 U.S. 52, 59 (1985)); *see also* **Hooper v. Garraghty,** 845 F.2d 471, 475 (4th Cir.1988)." **United States v. Lewis**, 477 Fed.Appx. 79, 81 (4th Cir. 2012).

As noted in this Court's prior Order (Doc. 236), had the defendant accepted the pleas offered to him, his base offense level would have been level 34. Under his plea to all counts of the Indictment, the defendant's base offense level was level 34. Accordingly, he can demonstrate no prejudice, even if counsel's performance was deficient.

With respect to the obstruction of justice enhancement, the defendant argues that his counsel should have objected to the enhancement. The record demonstrates that his counsel did object.

The defendant's Motion presents nothing that this Court did not consider and reject on the first go-round. Accordingly, this Court will not reconsider its decision.

For the reasons stated above, the defendant's *pro se* Motion under New Supreme Court Case where attorney gave wrong advice to defendant that misled him to do the opposite of what he should have done (**Doc. 241**) is **DENIED**.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to the *pro se* petitioner and to all counsel of record herein.

**DATED:** February 20, 2013.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE